

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

April 1, 1948

Hon. Geo. W. Cox, M. D.,
State Health Officer,
State Department of Health,
Austin, Texas

Opinion No. V-533

Re:   The legality of paying
a salary to the stenog-
rapher of the chairman
of the advisory commit-
tee on certification of
water and sewage works
operators from Item 37
of the current Depart-
ment of Health appropri-
ation.

Dear Dr. Cox:

Reference is made to your letter of March 15, re-
questing the opinion of this office concerning the legal-
ity of paying a salary to the stenographer of the chairman
of the advisory committee on certification of water and
sewage works operators from Item 37 of the current Depart-
ment of Health appropriation.

The current Departmental Appropriation Bill is
Senate Bill 391, Acts, Regular Session, 50th Legislature,
which makes the following appropriations to the State
Board and Department of Health under the heading "Division
of Water and Sewage Certification" (Tex. Sess. L. 1947,
c. 400, p. 849):

"33.   Director of Certification. . . . . . $3,600.00

34.   Field Supervisor of Certification. . $3,000.00

35.   Secretary. . . . . . . . . . . . . . . $1,992.00

36.   Traveling expenses of Director . . . $2,100.00
and Field Supervisor

37.   Stamps, stationery, printing and
other operating expenses . . . . . . $   800.00"

It is our understanding, from the information contained in your letter of March 15, that the chairman of the advisory committee on certification of water and sewage works operators is not the "Director of Certification" mentioned in the Departmental Appropriation Bill. In like manner, it is our understanding from your correspondence that the stenographer of the chairman of the advisory committee is not the "Secretary" mentioned in this Departmental Appropriation. It is our understanding that the State Department of Health has created an advisory committee composed of leading water works officials in the State to assist the "Director of Certification", and it is desired to pay a salary to the stenographer of the chairman of this advisory committee from the appropriated item entitled "Stamps, stationery, printing and other operating expenses".

We believe this question must be answered by application of the rule of statutory construction known as "ejusdem generis" to determine what is meant by the words "other operating expenses" in this item of appropriation. Ejusdem generis has been defined as follows:

> "In a public statute where words particularly designating specific acts or things are followed by and associated with words of general import comprehensively designating acts or things, the latter are generally to be regarded as comprehending only matters of the same kind or class as those particularly stated".19 Corpus Juris, p. 1255.

In Casey v. State, 289 S.W. 428 (Tex. Civ. App. 1926, error ref'd), the court was considering the applicability of ejusdem generis to a statute (Article 2897, Revised Statutes of 1911, as amended by Acts 1923, c. 181, sec. 6a) which stated certain county officers could retain from the fees of their offices ". . . all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, traveling expenses and other necessary expense. . . ." In this connection the court stated:

"That rule is, we think applicable
here.  The four particulars mentioned in
the statute - stationery, stamps, tele-
phone and traveling expenses - fixed the
grade and character of the office ex-
penses which may be paid for out of the
excess fees of the office.  The personal
service of an office assistant or stenog-
rapher of the kind employed in this in-
stance does not belong to that grade of
expenses.  It may be that such assistance
was necessary in this particular case, to
enable the county attorney to better dis-
charge his duties; but that fact alone
does not confer the right to pay for such
assistance out of the public funds.  Such
authority must come from some appropriate
statute. . . ."

The rule of ejusdem generis has equal appli-
cation in the instant case.  The words "other operating
expenses" in this item of appropriation must be con-
sidered in the light of the more specific words "stamps,
stationery, printing" which precede them.  The salary
of a stenographer for the chairman of the advisory com-
mittee on certification of water and sewage works op-
erators is not an item of the same grade of expense as
stamps, stationery, and printing for your Division of
Water and Sewage Certification.  It is our opinion that
this prevents the words "other operating expenses" from
including compensation for a stenographer of the chair-
man of a voluntary advisory group of citizens, although
they are serving without compensation in a commendable,
public spirited  effort to enhance your program of cer-
tification.  If they or their clerical help are to be
paid, it must be by specific appropriation which the
Legislature has thus far failed to make.

## SUMMARY

The established rule of statutory con-
struction known as ejusdem generis operates

to prohibit the payment of a salary to the stenographer of the chairman of the advisory committee on certification of water and sewage works operators from Item 37 of the current Department of Health appropriation ( Tex. Sess. L. 1947, c. 400, p. 849).

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _David B. Irons_

David B. Irons
Administrative Assistant

DBI:bb

APPROVED:

_Price Daniel_

ATTORNEY GENERAL